**Kim L. VINCENT, Plaintiff–Appellant,**

v.

**UNITED AEROSPACE WORKERS (LOCAL 2074) and DSM Engineering Plastics, Inc., Defendants–Appellees.**

No. 02–4089.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 2003.

Decided April 16, 2003.

Rehearing Denied May 27, 2003.

As amended on Denial of Rehearing En Banc June 13, 2003.

Before EASTERBROOK, MANION, and DIANE P. WOOD, Circuit Judges.

**Order**

DSM Engineering disciplined Kim Vincent 53 times under the firm's no-fault, points-based, absenteeism rules. DSM also reserved the right to take action in response to chronic absenteeism that does not require automatic dismissal for excess points. DSM suspended Vincent for chronic absenteeism, observing that he regularly missed as many days as the points-based policy allowed (short of discharge) and that his many unexcused absences usually came immediately before or after a weekend. The suspension began a process that DSM believed would lead to discharge. Vincent's union filed a grievance, which was resolved by his reinstatement under a last-chance agreement. Soon he returned to his old ways, however, and was discharged for chronic absenteeism characterized by taking long weekends. The local union filed another grievance and, after this was rejected by management, asked the international union to take the case to arbitration. When the international said no, the discharge became final.

Vincent then filed this hybrid suit against DSM and the union, contending that the points system is the *only* valid criteria for discharge on account of absenteeism and that at all events his decision to miss work is justified by family considerations. This contention, under § 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, may be addressed only if the court first holds that the union violated its duty of fair representation by failing to take the case to arbitration. Otherwise the grievance-resolution machinery under the collective bargaining agreement is exclusive. See *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The district court granted summary judgment to both defendants; Vincent appeals.

The record does not establish the existence of a material dispute requiring trial; no reasonable jury could determine that the union violated its duty of fair representation. Vincent's union went to bat for him, obtained his reinstatement after the suspension, and filed a grievance about the firing. The international overruled the local's request to arbitrate. Only under a rule that the union *must* arbitrate every grievance could this be called a breach of the union's duty, and there is no such rule. Compare *Steelworkers v. Rawson,* 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990), with *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). Nothing in the record suggests that the international's decision was based on antipathy to Vincent or any group to which Vincent belongs, as opposed to a belief that the grievance was weak. A few years ago an arbitrator rejected the union's contention, which Vincent repeats, that excessive points are the only valid basis of discharge for missing work at DSM. Unions are not obliged to demand sequential arbitration of positions already adjudicated; change comes through collective bargaining that leads to new contractual language.

Vincent contends that the union violated its duty by telling him that the grievance would be arbitrated and then belatedly informing him otherwise. This appears to be principally a different way to observe that the local recommended arbitration (and told Vincent so), only to be overruled at a higher level. At all events, any shortcomings in notification (or any other misstatements by the local's officials) played no causal role in the union's decision not to arbitrate. Had the local union's officials said different things, or said them sooner, there was still nothing that Vincent could have done; whether to arbitrate rested in the international's discretion.

In the end, Vincent wants a jury to substitute its decision for that of the grievance machinery under the collective bargaining agreement. Federal law does not entitle employees to take matters out of employers' and unions' hands in that fashion.

AFFIRMED